[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The father submitted an application to the Middletown Probate Court to remove the mother as a guardian of their son, now four years old. On November 17, 1997 the petition was granted. The mother's appeal was transferred to this Court on December 10, 1997. On December 23, 1997 the Probate Court granted limited visitation to the mother which she also appealed to this Court on January 20, 1998. Therefore, under the appeals the Superior Court acts as a Probate Court utilizing Probate substantive law and Juvenile Matters procedure.
Subsequent to these appeals, mother moved in Probate to modify custody and visitation. The Probate Judge issued two Memorandum of Understanding CT Page 10772 (sic). When the mother filed another like motion, by agreement on August 10, 1998 that Court transferred the case with all pending motions to this Court per Probate Rule 8.1. (Conn. Gen. Stat. § 45a-623?)
Both appeals are sustained in accordance with this memorandum. All motions are resolved by this memorandum.
 I
On May 18, 1999 the parties entered a stipulation for this Court whereby both parents share joint guardianship/legal custody of the son. Physical custody would initially go to the father with residence in paternal grandmother's home subject to specific visitation for mother; any modification of visitation would be heard in the Superior Court. Because the Court expressed doubt of post judgment Superior Court jurisdiction, the stipulation was modified by the Court with approval of the parties to substitute "may" for "shall" for continuing Superior Court jurisdiction over visitation.
The substitution, however, still implied discretion in the Court. Because parties cannot confer subject matter jurisdiction on this or any court, the Court requested a clarifying stipulation to eliminate any misunderstanding. The second stipulation, which provides for Superior Court modification of primary residence (sic), paragraph 1 and 2 was filed June 29, 2000 for hearing on August 24, 2000.
The attorney for the father argues that once the guardianship appeal has been resolved, the role of the Superior Court ends and the file is returned to Probate Court. The attorney for the mother disagrees so the June 29, 2000 stipulation, paragraph 3-5 suggest a possible role for this Court. Whatever the claim, the issue of continuing jurisdiction over visitation after decision on this matter is not before this Court even though the Court has suggested that there would be no Superior Court Juvenile continuing jurisdiction. See § 46b-61. The Court takes no position on the Probate Court jurisdiction over visitation where guardianship has been restored § 45a-612. This Court does not rule on "hypothetical issues."
 II
Probate appeals differ from classic writs of error or Superior Court appeals. On appeals de novo from Probate, the Superior Court redetermines the issues within the appeal and not merely whether the Probate Court abused discretion. The Superior Court may resolve the dispute. For CT Page 10773 discussion see Folsom, Connecticut Estates Practice Probate Litigation, (1992) §§ 7.1, 7.9, 7.10.
With the above caveats, the two stipulations are approved by the Court.
Accordingly it is ordered that mother's visitation appeal is granted:
Jeremy's principal place of residence shall be with his father. If the parties can agree on a change of primary residence from the father to the mother, the parties may enter into a written agreement. The mother shall enjoy reasonable visitation which shall include alternating overnight visitation with Jeremy Friday and Saturday nights, and the party that does not have said visitation shall have a day/evening visit during the week, time and date to be agreed upon by mother and father. Should such visitations not take place for reasonable and legitimate reasons, the parties shall workout alternative visitation plans to makeup for any missed visits, to be arranged within a week of the missed visit. The parties may review and possibly expand Mother's visitation.
Further the mother's guardianship appeal is granted:
The parents shall be joint guardians with legal custody of Jeremy.
The Probated file is returned to that Court.
Samuel S. Goldstein Judge Trial Referee